Mr. Justice Robb
delivered the opinion of the Court:
This is. an appeal from concurrent decisions of the Patent Office tribunals, sustaining the application of appellee, Henry Koper, for the cancelation of the trademark registration of appellant, Duluth-Superior Milling Company. The principal features of the mark are the words “Freeman Milling Company” over the word “Superlative” in large type. Registration was under the so-called ten-years clause of the trademark act.
This mark was adopted in 1876 by the copartnership firm of A. A. Freeman & Company, of La Crosse, Wisconsin, flour manufacturers. In 1885 the firm were largely indebted to Charles Haight & Company of New York, the members of this firm being Haight, A. D. Freeman, and Henry Koper, the appellee. A mortgage upon the real estate of the Freeman Company was given Haight & Company, and from that time on they practically controlled the business of the mortgagors. In 1890 the mill burned, and Haight & Company, who had theretofore handled much of “Freeman’s Superlative Flour,” procured it elsewhere until about the fall of 1892. A. A. Freeman & Company, composed of A. A. Freeman and Marcus Freeman, appear, to have entirely discontinued operations after the fire. The Freeman Milling Company, a corporation, was organized at Superior, Wisconsin, and it is through this company that appellant claims to have acquired its right to this mark. It is contended that that company purchased from (not through) A. A. Freeman the good will and marks of the firm of A. A. Freeman & Company. It is not contended that the •other member of the firm, Marcus Freeman, had anything to do with the transfer, either directly or indirectly. The firm, and not an individual member thereof, having withdrawn from business, it is apparent that the rule announced in Menendez v. Holt, 128 U. S. 514, 32 L. ed. 526, 9 Sup. Ct. Rep. 143, to the effect that when a partner retires from business, acquiescing in the retention by the other partners of the old stand, the .good will, including, in some cases, the trademark, remains with the firm, does not here apply. It is not necessary, how *117 ever, to inquire further into the origin of appellant’s title to the mark, owing to the view we take of the evidence.
The appellee, Koper, surviving member of Charles Haight & Company claims title to the mark by a verbal transfer to his firm at about the time of the execution of said mortgage to that firm. Marcus Freeman, the surviving member of A. A. Freeman & Company, testified that such a transfer was made. We pass this question for the same reason that we passed the question of appellant’s title to the mark.
The Examiner of Interferences and the Commissioner have ruled that when the Freeman Milling Company came into ex* istence in 1892, Koper asserted title to the mark, and that, in compliance with his request, that company had stencils made of the mark like a copy furnished it by Koper, and thereafter branded flour, in accordance with his directions, for shipment to him. We have carefully reviewed the evidence concerning the conflicting claims of these parties, and have reached the conclusion that the evidence warrants the findings of the Patent Office. We think it reasonably certain that Koper was handling this brand of flour up to and at the time of the organization of the Freeman Milling Company, in 1892, and that he continued to handle practically all the flour so marked under an undisputed claim of title to the brand. No good purpose would be subserved by a review of the evidence, and we therefore content ourselves with the finding that appellant was not, under the evidence in this case, the sole and exclusive user, during the ten years necessary to entitle it to such registration, of the mark whose registration it procured.
The decision of the Commissioner is therefore affirmed, and the clerk will certify this opinion as by law required.

Affirmed.